IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | Criminal No. **3:10-CR-56-L** |
| | § | |
| **TARSL DIXON** | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Motion to Dismiss With Prejudice, filed October 28, 2011. After consideration of the motion, briefs, record, and applicable law, the court **grants** Defendant's Motion to Dismiss but **dismisses without prejudice** the Indictment filed March 2, 2010.

**I.   Analysis**

The government agrees that the Indictment should be dismissed, but it opposes a dismissal with prejudice. In deciding whether to dismiss an indictment with prejudice pursuant to a violation of the Speedy Trial Act, a court considers "[1] the seriousness of the offense; [2] the facts and circumstances of the case which led to the dismissal; and [3] the impact of a reprosecution on the administration of this chapter and on the administration of justice." *United States v. Johnson*, 29 F.3d 940, 946 (5th Cir. 1994) (quoting 18 U.S.C. § 3162(a)(2) (1985)).

**A.   Seriousness of the Offense**

The court determines that Defendant Tarsl Dixon ("Dixon") has been charged with a serious offense. The record establishes that she has been convicted of three prior felony offenses. The Indictment charges Dixon with a violation of 18 U.S.C. §§ 922(g)(1) and 924(e), a recidivist offense that subjects her to a range of punishment from fifteen years to life in prison. In *United States v. Melguizo*, 824 F.2d 370, 371 (5th Cir. 1987), the court found that "a possible sentence of ten years

is [] sufficient indication that the offense is serious." As a matter of law, the court therefore holds that a sentence with a minimum term of fifteen years is a serious offense. Accordingly, this factor weighs in favor of dismissing the Indictment without prejudice.

### B.     Facts and Circumstances that Led to Dismissal

Dixon contends that the fault for the Speedy Trial Act violation lies totally with the government. According to Dixon, this is so because the government "moved this [c]ourt to reconsider its sound decision to grant the Defendant's Motion to Suppress Evidence and asked for additional time to file its brief," and because the government "did not request this [c]ourt to conduct an evaluation that the period of time for [its] request be excluded from the Speedy Trial Act." Def.'s Mot. to Dismiss with Prejudice 9. Dixon's statements are partially correct; however, the inquiry does not end here.

The delay does not all fall on the government. Some of the delay in ruling on the motion resulted from the court's overcrowded civil and criminal dockets. Further, Dixon shares some of the blame. Although Dixon did nothing actively to cause the delay, she did nothing to advance or insist on her right to a speedy trial. After Dixon filed her response to the motion to reconsider on October 6, 2010, she filed nothing with the court to press her right to a speedy trial until she filed her motion to dismiss on October 28, 2011. *See Johnson*, 29 F.3d at 946 (noting that a defendant's failure to press his right to a speedy trial is a factor that the court may consider). Moreover, the court notes there is no evidence that the government acted in bad faith or with an ulterior motive, that the government regularly violates the Speedy Trial Act, or that Dixon has been legally prejudiced in mounting a defense against the charge in the Indictment. The court denied the government's Motion to Reconsider Order to Suppress Evidence on December 23, 2011, and crucial

evidence relating to the crime for which Dixon was charged cannot be admitted. The court determines that this factor weighs in favor of dismissal without prejudice.

### C. Impact of Reprosecution

The government recognizes Dixon's right to a speedy trial. On the one hand, the court must consider whether allowing a reprosecution will send a message to the government that violations of the Speedy Trial Act will not result in a commensurate penalty. On the other hand, the court must consider that the public has a significant interest in ensuring that persons accused of serious crimes, especially recidivists, are kept off the streets and brought to trial. *Johnson*, 29 F.3d at 946. As previously stated, Dixon has suffered no prejudice by the delay insofar as mounting a defense to the charge in the Indictment. Moreover, the government gains no advantage or superior position if it elects to reprosecute Dixon. Considering these competing interests and the ends of justice, the court determines that reprosecution is not contrary to the administration of justice or the Speedy Trial Act. Accordingly, this factor weighs in favor of dismissal without prejudice.

## II. Conclusion

For the reasons herein stated, the court **grants** Defendant's Motion to Dismiss but **dismisses without prejudice** the Indictment filed on March 2, 2010.

**It is so ordered** this 29th day of December, 2011.

*[signature]*
Sam A. Lindsay
United States District Judge